**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mary Elizabeth Alongi Ferkol, | ) | No. CV 11-01717-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) | |
| Respondent. | ) | |

The court has before it petitioner's brief (doc. 15), respondent's opposition (doc. 16), and petitioner's reply (doc. 19). Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income in December 2007. Her application was denied initially and upon reconsideration by state agencies. An administrative law judge ("ALJ") with the Social Security Administration held a hearing in January 2010 and issued an unfavorable decision. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied petitioner's request for review.

**I**

We "disturb the denial of benefits only if the decision 'contains legal error or is not supported by substantial evidence.'" Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks and

1 citation omitted). The "evidence must be more than a mere scintilla but not necessarily a
2 preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "Where evidence
3 is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be
4 upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). We must "review the
5 administrative record as a whole, weighing both the evidence that supports and that which
6 detracts from the ALJ's conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.
7 1995).

8   Petitioner was born in 1958 and was 51 years old at the time of the hearing. She is
9 a high school graduate and has previously worked as a cashier, waitress, and cafeteria
10 manager. She alleges onset of disability on December 9, 2008.

## II

12   The ALJ followed the required five-step procedure in finding that petitioner was not
13 disabled within the meaning of the Social Security Act. See 20 C.F.R. §§ 416.920(a),
14 404.1520(a). In step one, the ALJ determined that petitioner had not performed substantial
15 gainful activity since December 9, 2008. At step two, she concluded that petitioner was
16 severely impaired as a result of pseudo seizures, osteoporosis, and degenerative disease in
17 the lumbosacral area. At step three, the ALJ determined that petitioner's impairments did not
18 meet or equal a listed impairment. Next, the ALJ assessed petitioner's residual functional
19 capacity ("RFC") and found that petitioner could perform medium exertional work. At step
20 four, she concluded that petitioner was able to perform past relevant work as a cashier and
21 waitress. As a result, the ALJ determined that petitioner is not disabled. Petitioner alleges
22 the ALJ erred by not finding her mental impairments severe, improperly rejecting her treating
23 psychiatrist's assessment, improperly rejecting her treating physician's assessment, and failing
24 to accept or reject the assessment of the state agency reviewing psychologist.

## III

26   At step two, the ALJ concluded that petitioner's depression and anxiety were
27 medically determinable, but not severe, impairments. Petitioner contends this was error
28 because the ALJ relied on a prediction from March 2008 that petitioner's impairments would

improve, failed to cite the record to support her conclusion, and made findings inconsistent with the record. But the ALJ's conclusion comes after a two-page summary of petitioner's history of depression and anxiety. This summary is fully supported by citations to the record and relies on much more evidence than the state psychologist's prediction. The conclusion specifically refers to the treating psychiatrist's assessment in January 2010 and explains why it is given little weight. Additionally, any error in the ALJ's finding on mental impairments at step two is harmless because the ALJ considered limitations posed by petitioner's mental impairments at step three. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (any error in neglecting to list bursitis at step two was harmless because ALJ extensively discussed bursitis at step four). The ALJ did not err by finding petitioner's mental impairments are not severe.

**IV**

"When evidence in the record contradicts the opinion of a treating physician, the ALJ must present 'specific and legitimate reasons' for discounting the treating physician's opinion, supported by substantial evidence." Bray v. Comm'r of Social Security Admin., 554 F.3d 1219, 1228 (9th Cir. 2009). On the other hand, the ALJ "must present clear and convincing reasons for rejecting the uncontroverted opinion of a claimant's physician." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

In March 2008, state psychologist Dr. Goldberg found that petitioner had major depressive disorder and an anxiety-related disorder, but these severe impairments were not expected to last 12 months. Tr. at 383-88. He determined petitioner's limitations were mild. State psychologist Dr. Garland filled out a mental RFC in September 2008 and found petitioner not significantly limited or moderately limited in all categories. Tr. at 476-77.

In November 2009, petitioner's treating psychiatrist, Dr. Papke, reported petitioner's symptoms were mild. Tr. at 610. But on January 12, 2010, Dr. Papke opined that petitioner had severe or moderately severe impairments in her ability to perform work-related activities. Tr. at 807-08. Petitioner argues that the ALJ erred by failing to provide clear and convincing reasons for rejecting Dr. Papke's assessment. Defendant contends that the lesser standard of

1 "specific and legitimate reasons" applies and, in any event, the ALJ's reasons meet either
2 standard. The court finds that the ALJ's rejection of Dr. Papke's opinion was supported by
3 substantial evidence and reasons sufficient to meet either standard.

4 The ALJ noted that Dr. Papke's assessment was a "change of trend." The January
5 2010 opinion was contrary to Dr. Papke's own opinion from November 2009 and the
6 assessments of Drs. Goldberg and Garland. Until January 2010, petitioner's symptoms
7 appeared to be improving. Her anxiety decreased with treatment and medication, such as
8 when she started taking Abilify in May 2009.

9 The ALJ may "permissibly reject[ ] . . . check-off reports that [do] not contain any
10 explanation of the bases of their conclusions." Crane v. Shalala, 76 F.3d 251, 253 (9th Cir.
11 1996). "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion
12 of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical
13 findings." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). Dr. Papke used a
14 "check-the-box" form when she diagnosed petitioner with severe impairments. Her sparse
15 comments on the form do not explain why she found petitioner's impairments severe when
16 her symptoms had been mild merely two months before. "[T]he regulations give more
17 weight to opinions that are explained than to those that are not." Holohan v. Massanari, 246
18 F.3d 1195, 1202 (9th Cir. 2001). The report does not explain the bases of Dr. Papke's
19 conclusions and therefore her opinion that petitioner was severely impaired could be rejected
20 by the ALJ.

21 **V**

22 Petitioner contends that the ALJ erred in discounting her treating physician's
23 assessment. On June 30, 2008, Dr. Sy filled out a check-the-box form assessing petitioner's
24 ability to do work-related activities. She concluded that petitioner could not perform the full
25 range of sedentary work. She reported petitioner's pain was moderately severe, but also
26 noted that this degree of pain could not reasonably be expected to result from objective
27 clinical or diagnostic findings. She wrote that petitioner's pain was "difficult to assess" as
28 the MRI was "only mildly abnormal." Tr. at 422.

1    The ALJ presented clear and convincing reasons for discounting Dr. Sy's opinion. 2 The opinion appears to be based on plaintiff's self-reported pain and is at odds with objective 3 clinical findings. "[A]n ALJ may discredit treating physicians' opinions that are conclusory, 4 brief, and unsupported by the record as a whole . . . or by objective medical findings." 5 Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004).

6    The ALJ properly discounted plaintiff's testimony regarding the severity of her 7 symptoms. Plaintiff's daily activities, as reported by her neighbor and herself, were 8 inconsistent with allegations of disabling impairments. "[I]f, despite his claims of pain, a 9 claimant is able to perform household chores and other activities that involve many of the 10 same physical tasks as a particular type of job, it would not be farfetched for an ALJ to 11 conclude that the claimant's pain does not prevent the claimant from working." Fair v. 12 Bowen, 885 F.2d 597, 603 (9th Cir. 1989). "An ALJ may reject a treating physician's 13 opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly 14 discounted as incredible." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).

15    In addition, an unexplained failure to follow a prescribed course of treatment warrants 16 discrediting an allegation of disabling pain. Fair, 885 F.2d at 603. There is substantial 17 evidence in the record that plaintiff failed to take her prescribed medications. Dr. Sy's 18 opinion here was conclusory, based largely on self-reported pain, and at odds with the 19 objective medical findings. The ALJ did not err in giving minimal weight to the opinion of 20 Dr. Sy.

## VI

22    In March 2008, state psychologist Dr. Goldberg diagnosed petitioner with depression 23 and anxiety and found her to have only mild functional limitations. Tr. at 393-95. Dr. 24 Garland, another state agency reviewing psychologist, examined petitioner on 25 reconsideration in September 2008. Dr. Garland found that she had medically determinable 26 impairments which did not satisfy the criteria of any listing. When assessing functional 27 limitations, he found them to be mild or moderate. Tr. at 490. He noted that petitioner had 28 claimed her mental attitude worsened since March, and she had been diagnosed with

polysubstance abuse, major depressive disorder, and panic disorder without agoraphobia, but concluded that petitioner could meet the basic mental demands of work on a sustained basis. Tr. at 476-78, 492. Petitioner faults the ALJ for neither accepting nor rejecting Dr. Garland's opinion. She contends that the error was not harmless because the vocational expert testified that the limitations assessed by Dr. Garland would preclude work.

After reviewing the opinions of Dr. Sy and Dr. Goldberg, the vocational expert testified that a person with the limitations assessed by these doctors could perform sedentary work or past relevant work as a cashier or waitress. Tr. at 69-76. Petitioner's lawyer then asked the ALJ to review Dr. Garland's mental RFC. The ALJ appeared to summarize the report, then asked the vocational expert whether this report, combined with Dr. Sy's report, changed the expert's opinion. Tr. at 77. The vocational expert testified that a person with these limitations could not perform past relevant work or any other work. Tr. at 77-78.

Upon close reading of the transcript and Dr. Garland's report, it becomes clear that the part of Dr. Garland's report read by the ALJ was a summary of Dr. Sy's opinion. Dr. Garland mentioned Dr. Sy's conclusions but did not adopt them. In fact, he came to the opposite conclusion by determining that petitioner could work. Tr. at 478. Any conclusions Dr. Sy made about petitioner's mental or psychological ability to work do not deserve as much weight as Dr. Garland's conclusions, as Dr. Sy specializes in osteopathy while Dr. Garland specializes in psychology. 20 C.F.R. § 404.1527(c)(5).

If the ALJ had accurately read Dr. Garland's conclusions and accepted them, it would have provided more support for finding the petitioner not disabled. If the vocational expert had heard and accepted an accurate summary of Dr. Garland's findings, he would not have found petitioner to be precluded from all work. The practical effect of the ALJ's misunderstanding was the same as if the ALJ had rejected Dr. Garland's opinion. It was not mentioned in the ALJ's opinion and was not used as support by either the vocational expert or the ALJ for a finding of no disability. Any error was therefore harmless. See McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011).

**VII**

Based on the foregoing, we conclude that the ALJ's determination that plaintiff is not disabled, and therefore not eligible for benefits, is supported by substantial evidence in the record. Accordingly, **IT IS ORDERED AFFIRMING** the Commissioner's denial of benefits.

DATED this 23rd day of August, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge